# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

|   |   |   |
|---|---|---|
| **WINSTON RASHAD BRIGGS** | ) ) ) ) |   |
| Plaintiff, | ) ) | CIVIL ACTION NO: |
| v. | ) ) | COMPLAINT |
| **CLEARSTAR, INC.** | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) ) |   |

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant Clearstar, Inc., (hereafter "Clearstar") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant Clearstar is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

## II.   JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.   PARTIES

6. Plaintiff Winston Rashad Briggs is an adult individual who resides in the State of Ohio.

7. Defendant Clearstar is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. Clearstar regularly conducts business in the Northern District of Georgia and has a principal place of business located 6250 Shiloh Road East, Suite 300, Alpharetta, GA 30005.

## IV.  FACTUAL ALLEGATIONS

8. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

9. Specifically, the inaccurate information includes, but is not limited to, an inaccurate criminal history, which does not belong to Plaintiff, but instead belongs to another individual who has a similar name as Plaintiff.

10. The court records show that Plaintiff has a different middle name, different day and month of birth and lived in a different state than the person who committed the crimes. Further, the person who committed the crimes was sentenced to 30 to 60 years in prison and is currently incarcerated.

11. The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as an individual with a felony for second degree murder/firearms possession by felon/weapons felony firearm when Plaintiff has no criminal history of his own. It appears that Defendant, as a result of its unreasonable procedures, mixed Plaintiff's file and produced a consumer report that identified Plaintiff as having a felony for second degree murder/firearms possession by felon/weapons felony firearm because it mixed his criminal history with that of another person.

12. Defendant has been reporting the inaccurate information through the

issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

13. Plaintiff has applied for and has been denied employment opportunities, including but not limited to, employment opportunities through Sorta/Metro in November 2024. Plaintiff was informed that the basis for the adverse action against him was the inaccurate information that appears on Plaintiff's consumer report with Defendant.

14. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed such procedures it would not have falsely reported an inaccurate criminal history on Plaintiff's consumer report.

15. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## V.   CLAIMS

### COUNT ONE – VIOLATION OF THE FCRA

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

20. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

21. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

22. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

23. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm

to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI. JURY TRIAL DEMAND

24. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

_/s/ Jeffrey Sand_
Jeffrey Sand, Esq.
WEINER & SAND LLC
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339

        Tel: (404) 205-5029
        Fax: (866) 800-1482
        js@wsjustice.com

        Geoffrey H. Baskerville, Esq.  *
        FRANCIS MAILMAN SOUMILAS, P.C.
        1600 Market Street, Suite 2510
        Philadelphia, PA 19103
        Tel: (215) 735-8600
        Fax: (215) 940-8000
        gbaskerville@consumerlawfirm.com

        *Application for admission
        pro hac vice forthcoming*

Dated: November 21, 2024        Attorneys for Plaintiff